No. 33,786

THE STATE OF KANSAS, *Appellee*, v. FLOYD "NICK" CARTER, *Appellant*.

(83 P. 2d 689)

Opinion filed November 5, 1938.

Hal C. Davis, of Topeka, for the appellant.

Clarence V. Beck, attorney general, Paul L. Harvey, county attorney, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was a prosecution for robbery in the first degree. The defendant was convicted and appeals.

There is no contention the evidence was insufficient to sustain the conviction. The first complaint is the court unduly restricted the cross-examination of two of the state's witnesses. That part of the attempted cross-examination of both witnesses pertained to the same subject matter and related to nothing covered directly or indirectly in the direct examination of the witnesses. It pertained to purely collateral matters and involved the facts as to when they were married and whether their children were legitimate. The conceded

purpose of the cross-examination on such collateral matters was, first, to see whether the witnesses would tell the truth concerning those matters, as defendant conceived the truth to be, and second, to offer rebuttal testimony to impeach the credibility of the witnesses in the event their answers conflicted with what defendant conceived the truth to be. In other words, it was a clear attempt to impeach the credibility of the witnesses on collateral matters elicited only on cross-examination. It is obvious the permission of such cross-examination would have necessitated a trial of collateral issues, and the question would still have been, which of the witnesses were telling the truth about those matters. Clearly the extent of such cross-examination must be left in the sound discretion of the trial court. (*State v. Pfeifer*, 143 Kan. 536, 539, 56 P. 2d 442, and cases therein cited.)

Unless it is shown the cross-examination was unreasonably restricted and resulted in substantial prejudice to the defendant, there can be no reversal. (See G. S. 1935, 62-1718, and numerous cases cited thereunder.) The record in the instant case fails to disclose such facts.

Appellant relies upon decisions holding that a witness may be cross-examined concerning specific past conduct and definite acts which tend to disgrace him for the purposes of impeaching his credibility. The latitude of such cross-examination, as heretofore stated, rests in the sound discretion of the trial court. If, under the proper application of that rule, the answers impeach or tend to impeach the credibility of the witness, the desired purpose has been accomplished. It must, however, be remembered that if a party seeks on cross-examination, as here, to enter a field of strictly collateral subject or matters, which are entirely foreign to the direct examination of the witness, such party is bound by the answers of the witness. (*State v. Alexander*, 89 Kan. 422, 131 Pac. 139; *State v. Smith*, 103 Kan. 148, 174 Pac. 551; *State v. Pfeifer*, supra, and cases therein cited.)

Appellant suggests the jury was not properly instructed. The record discloses no objection to the instructions at the time of trial, nor that the attention of the trial court was specifically directed to any alleged error therein on the hearing of the motion for a new trial. No specific complaint is made now concerning any instruction given, and the alleged error will not be considered.

Appellant contends the court should have given certain requested

instructions. One of them specifically advised the jury that two of the state's witnesses were accomplices in the commission of the crime. The rejection of that instruction was, of course, proper. These witnesses were not charged with the commission of a crime and if they had been, it would have been within the province of the jury, under proper instructions, to determine whether they were accomplices in fact. Assuming they had been accomplices, such fact could not have acquitted the defendant, with whose conviction alone we are now concerned.

Appellant also requested an, instruction relative to the degree of credence which should be given to the testimony of an accomplice. The same instruction advised the jury that the testimony of an accomplice alone was insufficient. That instruction was also properly rejected. In this state it is well settled that the uncorroborated testimony of an accomplice, if otherwise sufficient, will sustain a verdict of guilty. (*State v. McIntyre*, 132 Kan. 43, 294 P. 2d 865.) We might also say the evidence concerning the connection of the two witnesses with the crime was wholly insufficient to justify an instruction on the question of their being accomplices, and hence any instruction as to the credence to which their testimony was entitled, on the theory they were accomplices, would have constituted error.

The judgment is affirmed.

HARVEY, J., not sitting.